**UNITED STATES of America,**
**Appellee,**

v.

**Gary KONSTANTIN, Defendant–**
**Appellant.**

**No. 07–0033–cr.**

United States Court of Appeals,
Second Circuit.

May 29, 2008.

Daniel Markewich (Michael R. Koblenz, on the brief), Mound Cotton Wollan & Greengrass, New York, N.Y., for Appellant.

Martin E. Coffey (Emily Berger, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: RICHARD J. CARDAMONE, ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Konstantin appeals from a judgment entered on December 21, 2006 in the Eastern District of New York (Dearie, J.) convicting him, after a jury trial, of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 371, seven counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of mail fraud in violation of 18 U.S.C. § 1341, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), 41 counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), eight counts of unlawful monetary transactions in violation of 18 U.S.C. § 1957, and insurance fraud in violation of 18 U.S.C. § 1033(b)(1)(A), (b)(1)(B), (b)(2). Konstantin was sentenced principally to concurrent terms of incarceration of 63 months' imprisonment and to one concurrent term of 60 months' imprisonment, to three years of supervised release, and to $1.15 million in restitution and $6,100 special assessment. The jury also returned a verdict of forfeiture in the amount of $11.6 million.

First, defendant Konstantin argues that he was denied his Sixth Amendment right to choice of counsel. In doing so, defendant misapprehends the rule that the Supreme Court announced in *United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2565–2566, 165 L.Ed.2d 409 (2006). In *Gonzalez–Lopez,* the Supreme Court made clear that if a defendant is found to have been erroneously deprived of his right to choice of counsel, that is a struc-

tural error that is not subject to harmless-error review. However, even under the rule of *Gonzalez–Lopez,* we must first determine if Konstantin was erroneously deprived of his right to choice of counsel. Here, defendant Konstantin asked the district court for an adjournment a week before the start of trial, because he was displeased with his current counsel and because his purported counsel of choice was unavailable for trial. "We are particularly solicitous of a district court's ruling on a motion to adjourn the scheduled start of a trial proceeding. Such a ruling will not be disturbed unless clear abuse is shown; to make that showing, the complaining party must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 147–148 (2d Cir.1998); *see also Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (stating that trial judges receive broad discretion on matters of continuances because they require a great deal of latitude in scheduling trials, assembling witnesses, lawyers, and jurors).

In *Gonzalez–Lopez,* the Supreme Court preserved "a trial court's wide latitude in balancing the right to counsel of choice against the demands of its calendar." *Gonzalez–Lopez,* 126 S.Ct. at 2565–66. In this case, defendant presents no compelling evidence that Judge Dearie failed to balance the right to counsel of choice against the demands of his calendar. The defendant asked for the adjournment one week prior to trial, despite the fact that the trial date had been set for eight months; it was well within Judge Dearie's discretion to deny his request. We further agree with Judge Dearie that there is no evidence that the denial of an adjournment substantially impaired the presentation of defendant Konstantin's case. While a forensic accountant may have provided some additional insight into the case, it was a reasonable trial strategy not to use such an expert witness, and there is no evidence that this decision "substantially impaired the presentation of his case." Thus, we affirm the district court's decision and find that defendant Konstantin was not denied his Sixth Amendment right to counsel.

Second, Konstantin appeals the district court's denial of his Rule 36 motion, arguing that we should remand the case to the district court to correct its recommendation as to Konstantin's physical location of incarceration. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. While the district court is normally in the best position to determine whether its judgment included a clerical mistake that resulted from oversight or omission, the record strongly suggests that one such mistake may be present here.

It is undisputed that Judge Dearie intended to recommend that Konstantin be incarcerated as close as possible to Memphis, Tennessee, where his family is located. The judgment, however, recommends that he be placed "as close to the Tennessee Southeast Region as possible." Because Tennessee lies within the Bureau of Prison's Mid–Atlantic Region, not its Southeast Region, the Bureau of Prisons may have interpreted Judge Dearie's words as a recommendation that Konstantin be placed as near to Tennessee as possible *within* the Bureau's Southeast Region. Had the regional constraint not been in Judge Dearie's recommendation, the Bureau may have placed Konstantin directly in the Memphis Federal Correctional Institution. Because Judge Dearie did not discuss this potential source of

confusion when denying the Rule 36 motion, we cannot tell from the record if he considered it. We therefore remand to the district court for the sole purpose of allowing it to look at this issue again, and if Judge Dearie is so inclined, to clarify his intent in the judgment.

For the foregoing reasons, we AFFIRM the decision of the district court. We REMAND to the district court for clarification of its determination of defendant's Rule 36 motion.